IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gary Vannatter, Sr., #272239, ) | |
| ) | Civil Action No. 6:07-1267-JFA-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden E. Richard Bazzle, ) | |
| Perry Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently confined in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"), pursuant to commitment orders from the Spartanburg County Clerk of Court. A Spartanburg County Grand Jury indicted the petitioner at the November 1999 session for murder (99-GS-42-6829). Attorney John Abdalla of the Spartanburg County Bar represented the petitioner at his trial.

On January 22-23, 2001, the petitioner was tried before the Honorable J. Derham Cole and a jury and was found guilty. Judge Cole subsequently sentenced the petitioner to a term of life imprisonment.

The petitioner timely served and filed a notice of appeal. Following the petitioner's conviction, on March 19, 2002, Robert M. Dudek filed an *Anders* brief in his behalf. In the brief, he raised the following issue on appeal:

> Whether the judge erred by admitting state's exhibits #2 and #3, staged photographs of the decedent's gory wounds, since the probative value of this evidence was substantially outweighed by its unduly prejudicial effect?

During the pendency of his appeal, on April 15, 2002, the petitioner submitted an additional *pro se* brief in support of his appeal. Prior to the adjudication of his appeal, on July 23, 2002, the petitioner sought to withdraw his appeal by a letter submitted to the South Carolina Court of Appeals. In his request for withdraw of his appeal, the petitioner stated as follows (verbatim):

> I want to raise a self defense issue in a PCR, which was not saved for appeal. I would be waiting for a long time to get a no ruling from court. Petitioner also produced an affidavit attesting that he did not wish to appeal his conviction on August 28, 2002.

On August 30, 2002, the South Carolina Court of Appeals dismissed the petitioner's appeal and remitted his case to the trial court.

The petitioner then filed a pro se application for post-conviction relief (PCR), on September 6, 2002 (2002-CP-42-3261). In his PCR application, the petitioner, proceeding *pro se*, raised the following grounds:

> (1)   Ineffective Assistance of Counsel.
>
> (a)   Counsel was ineffective for not objecting to the Judge's decision to read the indictment to the jury and for giving the jury the indictment in the jury room, and thus preserving that issue for appeal;
>
> (b)   Counsel was ineffective for not getting a psychiatrist to testify on his behalf in pursuit of a voluntary manslaughter defense;
>
> (c)   Counsel was ineffective for not objecting to Solicitor's use of his personal opinion;

(d)     Counsel was ineffective for not getting bail so Petitioner could hire an attorney and not raising this issue to the trial judge to preserve it for appeal;

(e)     Counsel was ineffective for not moving to have continued until blood sample test results could be turned over by the solicitor showing that Petitioner's blood was also in the car and on the road, and for not eliciting testimony that Petitioner's teeth were broken during the fight with victim;

(f)     `Counsel was ineffective for not moving to have charge dismissed for violation of the Speedy Trial Act;

(g)     Counsel was ineffective for not calling character witnesses on Petitioner's behalf;

(h)     Counsel was ineffective for not having Petitioner's blood sent to SLED to check it against the victim's taken from the car and road and allowing the solicitor to withhold the blood test results for 16 months;

(I)     Counsel was ineffective for allowing the State to get rid of car while Petitioner was in jail as it had exculpatory evidence contained inside of it;

(j)     Counsel failed to bring it to the court's attention that he never told applicant that he could plead the 5th amendment if he did not want to answer any questions;

(k)     The State never moved for an extension of time following the court order of March 5, 1999;

(l)     Trial judge instructed the jury wrongly regarding unanimity in the verdict;

(m)     Counsel was ineffective for failing to raise self defense at trial thereby preserving it for appeal and for failing to request a proper instruction on self defense;

(n)     Counsel was ineffective for failing to raise the autopsy report as incomplete since a full autopsy was not done, had it been done, the autopsy may have revealed hardened arteries which could have caused mental instability and explained Victim attacking Petitioner;

(o)     Counsel was ineffective for not introducing the Victim's medical files that would have shown she was schizophrenic and depressed;

3

>   (p)   Counsel was ineffective for failing to prepare and properly question the medical expert in the case;
>
>   (q)   Counsel was ineffective for not getting a tape or pictures of Victim's hands which would have provided support for Petitioner's theory of the case;
>
>   (r)   Petitioner was not allowed to plead to the indictment charge at start of trial;
>
>   (s)   Counsel was ineffective for not introducing pictures of Petitioner which would have shown that he was also attacked and the subsequent killing was in the sudden heat of passion.

On July 25, 2003, the petitioner filed two separate amendments to his PCR application. In the first amendment, he asserted that his grand jury panel violated *Batson v. Kentucky*, 476 U.S. 79 (1986), because there were no Hispanics on his panel. In his second amendment, he asserted that his arrest warrant was forged. On June 20, 2003, the State filed its return. On June 23, 2004, the petitioner received a hearing to determine the merits of his allegations regarding ineffective assistance of counsel. The Honorable J. Mark Hayes, II, presided over the hearing. The petitioner was represented by attorney George Brandt, and Assistant Attorney General Paula Magargle represented the State. At the hearing, the petitioner testified on his own behalf, while the State called his trial attorney, John Abdalla, to testify on its behalf.

Judge Hayes issued an order on September 23, 2004, wherein he dismissed the petitioner's PCR application with prejudice. In the order of dismissal, Judge Hayes summarized the petitioner's allegations regarding ineffective assistance of counsel and addressed each of them specifically. He set out the allegations as follows:

>   (1)   Allegation of ineffective assistance of counsel for not investigating the case and not meeting with Applicant regarding case.
>
>   (2)   Allegation of ineffective assistance of counsel for failing to have the psychiatrist testify at the trial.
>
>   (3)   Allegation of ineffective assistance of counsel for not filing a speedy trial motion and for failing to get Applicant bond.

  (4) Allegation of ineffective assistance of counsel for failing to object to defective self-defense charge and for not bring out self-defense issue with pathologist and by not introducing pictures.

  (5) Allegation of ineffective assistance of counsel for failing to call witnesses.

  (6) Miscellaneous allegations.

Addressing each allegation, the judge noted that he assessed both the petitioner and the petitioner's trial counsel's credibility and found that the petitioner's trial counsel was more credible.

  In response to the dismissal, on January 24, 2005, the petitioner filed a petition for writ of certiorari. In his petition for writ of certiorari, the petitioner raised the following ground:

> Whether defense counsel was ineffective in failing to object to a jury charge on self-defense which did not instruct the jury that the state had the burden of disproving self-defense beyond a reasonable doubt?

The State filed a return to the petition for writ of certiorari on June 9, 2005. On August 15, 2006, the South Carolina Supreme Court denied the petition for writ of certiorari. On September 1, 2006, the South Carolina Supreme Court remitted the case back to the circuit court.

  In his petition now before this court, the petitioner raised the following grounds for relief:

  (1) Sixth Amendment Violation, Ineffective Assistance of Counsel

    (a) Failed to conduct called for mental evaluation before trial;

    (b) Failed to do investigation and prepare for trial;

    (c) Failed to object to judge's incorrect self-defense charge;

5

  (d) Failed to interview and call witnesses including expert witnesses;

  (e) Failed to argue self-defense when facts warranted;

  (f) Failed to pursue speedy trial violation;

  (g) Failed to argue court's lack of jurisdiction.

(2) Speedy Trial Violation, Ineffective Assistance of Counsel

  (a) State failed to bring Petitioner to trial in a timely manner as required;

  (b) Trial counsel failed to motion court for dismissal of charge.

On August 6, 2007, the respondent filed a motion for summary judgment. By order filed August 7, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on September 11, 2007.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

6

>  (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

7

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

**ANALYSIS**

*Procedural Bar*

The only issue presented by the petitioner to the South Carolina Supreme Court was the allegation that counsel was ineffective in failing to object to the self-defense charge. PCR appellate counsel abandoned the remaining claims in the PCR appeal. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner has made no such showing. Accordingly, the petitioner's claims, with the exception fo the allegation that counsel was ineffective in failing to object to the self-defense charge, are procedurally barred from review. To the extent the petitioner's free-standing speedy trial claim raises a federal constitutional claim, it is barred under the contemporaneous objection doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977).

*Self-Defense Jury Instruction*

The only preserved claim for federal habeas corpus review is whether trial counsel was ineffective in failing to object to the self-defense jury instruction. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.*

"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689.

> The jury instruction given by the trial court was as follows:
>
> Now, in this case the defense has also raised what is known in the law as the defense of self-defense. The burden is not on a defendant to prove the defense of self-defense, because as I have stated, the burden is always upon the state to establish the defendant's guilt, that is to establish each essential element of the crime charged, beyond a reasonable doubt. And that would necessarily require a negation of any defense.

App. 256-57. The court went on to state that self-defense is a "complete defense" and detailed the four basic elements of the offense. App. 257-59. At the end of the self-defense portion of the instruction, the court reiterated twice that the burden of proof regarding self-defense was beyond a reasonable doubt. App. 259. In addition, the court repeatedly instructed the jury that the State's burden was beyond a reasonable doubt. App. 244-47, 251, 253.

The petitioner raised this issue in his state PCR, and Judge Hayes denied relief in the following manner:

> **Allegation of ineffective assistance of counsel for failing to object to defective self-defense charge and for not bring out self-defense issue with pathologist and by not introducing pictures.**
>
> The Applicant testified that trial counsel was ineffective for failing to object to the defective self-defense charge. Applicant further testified that trial counsel was ineffective for failing to bring out on cross examination of the pathologist that Applicant had self-defense wounds and for not introducing the pictures of

10

> Applicant's wounds into the trial. Trial counsel testified that he did not feel that there was anything wrong with the self-defense charge that was given by the judge to the jury and therefore he did not object. Trial counsel further testified that Applicant's wounds were not very significant and therefore counsel thought it would be more beneficial not to introduce the pictures because the victims hands were much more severe. Counsel testified that there were certain irrefutable facts, one of which was that the victims wounds were all defensive. Counsel further testified that counsel never felt it was self-defense, counsel did feel it was a voluntary manslaughter case, but the jury felt it was murder.
>
> This Court finds that Trial counsel's testimony was credible and the Applicant's testimony was not credible. Based on testimony of trial counsel, it was trial counsel strategy not to argue self-defense but rather to try and argue voluntary manslaughter. This Court finds that this is a matter of trial strategy and is not ineffective assistance of counsel. *Roseboro v. State*, 317 S.C. 292, 454 S.E.2d 312 (1996). This allegation of ineffective assistance of counsel is denied.

App. 413-414.

The petitioner contends the PCR court erred in concluding that trial counsel was not ineffective when he did not object to the jury instruction on self-defense. According to the petitioner, the trial court failed to properly charge the jury that the State had the burden of disproving self-defense beyond a reasonable doubt. The respondent argues that the South Carolina courts did not unreasonably apply the United Supreme Court precedent of *Strickland*, 466 U.S. 668, and *Martin v. Ohio*, 480 U.S. 228, 236 (1987) (holding that it is not a violation of the Due Process Clause for Ohio to place the burden of proving self-defense on a defendant charged with committing aggravated murder). This court agrees.

In *State Burkhart*, 565 S.E.2d 298, 303 (S.C. 2002), the South Carolina Supreme Court stated, "In *State v. Wiggins*, [500 S.E.2d 489 (S.C. 1998)], we specified for the first time, though not in the context of a jury charge, that the State has the burden of disproving self-defense. ... When self-defense is properly submitted to the jury, the defendant is entitled to a charge, if requested, that the State has the burden of disproving self-defense

by proof beyond a reasonable doubt." In *Burkhart*, the court found that the trial judge's jury instruction was improper. The court stated, "The instruction regarding burden of proof in this case did not reference the beyond reasonable doubt standard, required arguably since *State v. Davis,* [317 S.E.2d 452 (S.C. 1984)], and without a doubt since *State v. Wiggins* [500 S.E.2d 489 (S.C. 1998)]. Further, the instruction did not include any language indicating that the State must disprove Appellant's self-defense claim or, conversely, that the State must prove Appellant did not act in self-defense." *Burkhart*, 565 S.E.2d at 262.

Viewing the instruction given by the judge in the petitioner's trial, taken as a whole, the charge indicated to a reasonable juror that the State had the burden to disprove self-defense beyond a reasonable doubt, i.e., the negation of the defense of self-defense. *See State v. Zeigler*, 610 S.E.2d 859 (S.C. 2005) (finding that courts must charge the substance of the law to the jury, not particular verbiage). Unlike the challenged charge in *Burkhart*, the self-defense charge in the petitioner's case did indicate that the State had the burden to disprove self-defense beyond a reasonable doubt. *See* App. 256-57 ("The burden is not on a defendant to prove the defense of self-defense, because as I have stated, the burden is always upon the state to establish the defendant's guilt, that is to establish each essential element of the crime charged, beyond a reasonable doubt. And that would necessarily require a negation of any defense.").

Further, as argued by the respondent, the petitioner has failed to prove prejudice under *Strickland*. At the PCR evidentiary hearing, trial counsel testified that there was overwhelming evidence for a conviction on a killing and that even he did not believe that self-defense was a viable defense for the petitioner. App. 384, 398. Trial counsel further explained that he merely pursued self-defense as part of his trial strategy in hopes that it would lead to a compromised verdict of voluntary manslaughter, rather than murder. App. 398. The victim was stabbed at least eight times. App. 122-23. The petitioner admitted to stabbing her and to having a knife in his car; he also admitted that the victim did not have a

knife. App. 183-84, 188-90. Moreover, two eyewitnesses observed the petitioner stab the victim and then get out and walk away from the car. The eyewitnesses further testified that the petitioner would not let the victim out of the car and that the doors were locked. App. 55-64, 135-40.

Based upon the foregoing, this court finds that the state court's determination was not contrary to and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

January 4, 2008

Greenville, South Carolina

13