IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary Vannatter, Sr., #272239, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>Warden E. Richard Bazzle, Perry )<br>Correctional Institution, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 6:07-1267-JFA-WMC<br><br>**ORDER** |

Petitioner Gary Vannatter, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 by way of a petition filed May 4, 2007. The petitioner is incarcerated at the Perry Institution of the South Carolina Department of Corrections. He was tried before a jury in the Spartanburg County Court of General Sessions, found guilty of murder, and sentenced to life imprisonment.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he recommends that habeas relief should be denied and the respondent's motion for summary judgment[2] be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did respond to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation. He filed a fourteen-page objection memorandum.[3]

The petitioner raises various grounds for relief in his federal habeas petition:

(1)  Sixth Amendment Violation, Ineffective Assistance of Counsel

   (a)  Counsel failed to conduct a called-for mental evaluation of the petitioner/defendant before trial;

   (b)  Counsel failed to do an investigation and prepare for trial;

   (c)  Counsel failed to object to the trial judge's incorrect self-defense charge;

   (d)  Counsel failed to interview and call witnesses, including expert witnesses;

   (e)  Counsel failed to argue self-defense when the facts warranted;

   (f)  Counsel failed to pursue a speedy trial violation;

   (g)  Counsel failed to argue the court's lack of jurisdiction.

(2)  Speedy Trial Violation, Ineffective Assistance of Counsel

   (a)  The State failed to bring petitioner to trial in a timely manner as required;

   (b)  Trial counsel failed to motion the court for dismissal of the charge.

The only issue presented by the petitioner to the South Carolina Supreme Court was

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

the allegation that petitioner's trial counsel was ineffective in failing to object to the self-defense charge given by the state trial judge. For this reason, the Magistrate Judge suggests that this is the only preserved claim for federal habeas corpus review.

As the Magistrate Judge correctly notes in the Report, the failure to assert a claim in an appeal taken from the denial of a state post-conviction petition, as required by state law, bars federal review absent cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722 (1991); *U.S. v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999) (holding that a petitioner who procedurally defaults on a claim by failing to raise it on review is barred from raising that claim under a federal habeas proceeding absent a showing of both cause for and actual prejudice from the default or actual innocence).

Because the petitioner has made no such showing of cause and actual prejudice for why the remaining grounds should not be barred, the Magistrate Judge opines that all other issues sought to be raised are not properly presented in this court. In addition, it appears that petitioner concedes this conclusion by abandoning all these other issues in his objection memorandum. Accordingly, the court will address only the question of whether the petitioner's trial counsel was constitutionally ineffective for failing to object to the self-defense instruction given at the petitioner's trial.

This court's *de novo* review is restricted by the deferential standard set forth in 28 U.S.C. §2254(d). *Williams v. Taylor*, 529 U.S. 362 (2000). Under this deferential standard, this court will only grant federal habeas relief under §2254(d) (1) and (2) where the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000).

The Magistrate Judge carefully analyzed the claim of ineffective assistance of counsel in light of the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, the petitioner must show that counsel's actions fall below an objective standard of reasonableness in violation of the petitioner's Sixth Amendment guarantee of effective counsel. *Id.* at 687-88. If the petitioner meets the requirement of the first prong, the court will not grant relief for ineffective assistance of counsel unless the petitioner satisfies the second prong by showing that trial counsel's failure to meet the objectively reasonable standard prejudiced the defense and deprived the petitioner of a fair trial. *Id.* at 691-92.

Using the *Strickland* analysis, the Magistrate Judge suggests that the PCR Court's finding that trial counsel was not ineffective when he did not object to the jury instruction on self-defense is correct and the undersigned agrees.

In his objections to the Report, the petitioner suggests that the instructions were defective because "the State was permitted to secure a murder conviction against petitioner based on a 'presumption of malice' even though self-defense was properly before the jury for consideration." Petitioner also contends that the jury instructions on self-defense, examined as a whole, were so defective and contradictory as to completely relief the State of its burden of having to prove the elements of the murder charge. He argues that the jury

4

instructions given forced him to admit all of the elements of the murder charge just to be able to present his defense of self-defense. As a result, petitioner asserts that the jury was left with no option but to convict him on the murder charge, while at the same time, the jury was precluded from considering any lesser included offense.

To support his arguments, the petitioner selectively quotes from the jury instructions given by the trial judge. This court's independent review of the jury instructions, taken as a whole, reveals that the self-defense jury charge was proper in all respects, and for this reason, trial counsel was not deficient in failing to object to the charge. For this reason, petitioner's objections are overruled.

The jury instruction on self-defense, which appears at pages 256-259 of the state trial transcript, reveals that the state trial judge carefully and meticulously instructed the jury on the elements of self-defense in South Carolina and clearly pointed out that

> [T]he burden is not on the defendant to prove the defense of self-defense, because as I have stated, the burden is always upon the State to establish the defendant's guilt, that is to establish each essential element of the crime charged, beyond a reasonable doubt. And that would necessarily require a negation of any defense." Moreover, throughout the charge, the trial court stressed the fact that the burden of proof remains on the prosecution at all times throughout the case.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, respondent's motion for summary judgment is granted and the habeas petition is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 3, 2008                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

6